**Robert GREENWOOD, Petitioner,**

v.

**R. MASSEY, Superintendent, Respondent.**

**No. 78–5073–Civ–SMA.**

United States District Court, S. D. Florida, Miami Division.

April 19, 1979.

Milton E. Grusmark, Miami, Fla., for petitioner.

Paul Mendelson, Asst. Atty. Gen., Miami, Fla., for respondent.

## ORDER OF DISMISSAL

ARONOVITZ, District Judge.

Robert Greenwood, through private counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 attacking a conviction entered on July 13, 1975, by the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida, following a jury verdict of guilty to first degree murder and conspiracy to com-

mit first degree murder. Petitioner was sentenced to a term of life imprisonment on the first degree murder count and to fifteen (15) years on the conspiracy count, to run consecutively.

As grounds for relief, Petitioner alleges:

(1) The prosecution failed to disclose the existence of a police report. Such non-disclosure violated Petitioner's Fourteenth Amendment due process right in that the police report was highly "material" to Petitioner's defense and raises a reasonable doubt as to his guilt.

Respondent acknowledges that Petitioner has exhausted his available state remedies in that Petitioner and his co-defendants filed a motion to vacate with the trial court on October 17, 1975 raising the same issue he is presently raising. Such motion was denied. Petitioner then timely appealed to the Third District Court of Appeal raising, *inter alia*, the same issue he now raises. In a written decision dated July 26, 1977, that court rejected Petitioner's claims. See *Cravero v. State*, 349 So.2d 649 (Fla. 3d DCA 1977). Certiorari review was sought and denied by the Florida Supreme Court on March 15, 1978.

Petitioner charges that a police report containing statements by a purported "eye-witness" as to the crime was "totally contradictory to the state's theory of the case" and was not disclosed by the prosecution. Such prosecutorial non-disclosure allegedly deprived Petitioner of his due process right to a fair trial in that the police report was highly "material" to Petitioner's defense and creates reasonable doubt as to Petitioner's guilt. This Court finds no merit in Petitioner's charges.

■ In the leading case of *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court outlined the standards to be utilized in reviewing prosecutorial non-disclosure or suppression claims. Each involves the discovery, after trial, of information known to the prosecution but unknown to the defense. The first situation involves knowing prosecutorial use of perjured testimony and need not be discussed here. The second situation is characterized by a specific pre-trial request for specified matter. In these cases where the defense has requested specific information which the prosecution possesses but does not disclose, the defendant is entitled to a new trial if the non-disclosed matter is "material" in that it appears that such evidence "might have affected the outcome of the trial." *Agurs, supra,* 427 U.S. at 104, 96 S.Ct. at 2398. See also *United States v. Sink,* 586 F.2d 1041 at 1052 (5th Cir. 1978); *United States v. Anderson,* 574 F.2d 1347 at 1354 (5th Cir. 1978). This rather low materiality standard is not applicable to the instant case due to Petitioner's conceded lack of any such specific request.[1]

■ The final situation analyzed in the *Agurs, supra,* case is one where the prosecution has received only a general defense request for exculpatory material (i. e. asking for "all Brady material" or for "anything exculpatory") or has received no defense request whatsoever. The instant case clearly falls within this category in that Petitioner made only a general request for Brady Material.[2] In these circumstances where the prosecution has received no real notice as to what the defense actually desires, the prosecution is under "no duty to report *sua sponte* to the defendant all that they learn about the case" nor is there a "constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *Agurs, supra,* 427 U.S. at 109, 96 S.Ct. at 2400. We note at this point that the prosecutor, pursuant to *Fla.R.Crim.P.* 3.220, did in fact supply the defense with the names of both the police officer who wrote the report and the purported "eyewitness." In these "general request" or "no request" cases, the prosecution is constitutionally required to voluntarily disclose only such evidence which he

1. See Page 2 of Petitioner's "Reply to State's Answer."

2. See page 2 of Petitioner's "Reply to State's Answer."

possesses that is "obviously exculpatory" in that it is "clearly supportive of a claim of innocence" *Agurs, supra,* 427 U.S. at 107, 96 S.Ct. at 2399 or that which is "obviously of such substantial value to the defense that elementary fairness requires it to be disclosed." *Agurs, supra* at 110, 96 S.Ct. at 2401.

A thorough review of the state court proceedings below reveals that the police report was in no way "obviously exculpatory" nor "supportive of a claim of innocence" for the Petitioner. Indeed, the police report quite clearly tends to substantiate segments of the testimony given by the state's main witness at trial. Following the mandate of *Agurs, supra,* 427 U.S. at 112–113, 96 S.Ct. at 2402 and its progeny, constitutional error requiring a new trial is found only if the new evidence, evaluated in the context of the entire record, creates a reasonable doubt as to Petitioner's guilt. This Court has reviewed the trial record and concludes that the police report does not create reasonable doubt as to Petitioner's guilt.

For these reasons, it is

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is hereby DISMISSED.